# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KEANDRE ERIC DETRON BROWN,      \*

Plaintiff,                         \*

v.                             \*        Civil Action No. ELH-22-480

JESSUP CORRECTIONS FACILITY,    \*
R. DEAN, *Warden*, and
NNAMDI DIKE, *COII*,             \*

Defendants.                \*\*\*

## MEMORANDUM

The self-represented plaintiff, Keandre Eric Detron Brown, filed suit pursuant to 42 U.S.C. § 1983 against defendants Jessup Correctional Institution ("JCI"),[1] Warden R. Dean, and Correctional Officer Nnamdi Dike.  ECF 1 (Complaint); ECF 4 (Amended Complaint).  He also submitted exhibits.  Plaintiff claims that he was found guilty of spitting on defendant Officer Dike at a disciplinary hearing, but a video of the incident does not show such actions, and therefore he was found guilty of rule violations without proof.  ECF 4 at 2.[2]  As relief, plaintiff seeks compensation for his lost "DCC credits" and the loss of personal property, as well as $1.5 million in damages for pain and suffering, medical negligence, and "defamation of character."  *Id.* at 3.

Defendants JCI, Dean, and Dike moved to dismiss the Complaint or, in the alternative, for summary judgment.  ECF 12.  It is supported by a memorandum of law.  ECF 12-1 (collectively, the "Motion").  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed plaintiff that the failure to file a response in opposition to the Motion could result in dismissal of

---

[1] The Clerk shall be directed to correct the name of defendant Jessup Correctional Institution on the docket.

[2] The video was not provided to the Court.

his suit.  ECF 14.  To date, plaintiff has not responded to the Motion.

The matter is now ripe for disposition.  Upon review of the record and applicable law, the court deems a hearing unnecessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons stated below, I shall grant the Motion.

## I.      Factual Background

Plaintiff alleges that on January 25, 2022, at 9:37 a.m., he was found guilty of spitting on Officer Dike.  ECF 4 at 2.  He states that there is no proof that he spit on Officer Dike, that "video footage" shows he did not do so, and that he was found guilty without evidence.  *Id*.  He states that he lost "DCC credits" as a result of the finding of guilt.  *Id*. at 3.  Further, he states that he lost property, including a TV, Xbox 360, and MP3 player.  *Id*.

Plaintiff attached a copy of an Administrative Remedy Procedure ("ARP") form regarding the incident as well as a record of his rule violation hearing results.  ECF 4-1.  The ARP was dismissed for procedural reasons because "inmates may not seek relief through the Administrative Remedy Procedure regarding Disciplinary hearing procedures and decisions."  ECF 4-1 at 2.  In his amended complaint, plaintiff checked a box indicating that he appealed the ARP ruling.  ECF 4 at 2.  The rule violation document shows that, following a hearing, plaintiff was found guilty of two out of three infractions.  ECF 4-1.

## II.      Standard of Review

Defendants styled their motion as a motion to dismiss or, in the alternative, for summary judgment. As they have not provided any exhibits in support of their Motion, and for the reasons that follow, the court construes the Motion as a motion to dismiss, which I shall grant.

A defendant may test the legal sufficiency of a plaintiff's complaint by way of a motion to dismiss under Rule 12(b)(6).  *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 152 (4th Cir. 2020);

*In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.  2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Fauconier v. Clarke*, 996 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317-18 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint

for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In connection with a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); *see Bing v. Brio Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc);

*accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies … if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n*

*v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).[3]

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied sub nom.*, __ U.S. __, 138 S. Ct. 558 (2017); *Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012).  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).  *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Because plaintiff is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord. Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013).  But, the court must also abide by the "'affirmative obligation of the trial judge

---

[3] "[B]efore treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167.  "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id*. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### III.   Discussion

Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that (1) JCI and the individual defendants in their official capacities are immune from suit under the Eleventh Amendment; (2) JCI and the individuals in their official capacities are not subject to suit under § 1983; (3) Brown failed to allege personal participation on the part of Dean and Dike; (4) Dean and Dike are entitled to qualified immunity; and (5) Brown failed to exhaust all available administrative remedies prior to filing suit.  ECF 12, 12-1.

### A.   Official Capacity Claims

Defendants assert that they are immune from claims against them in their official capacities under the Eleventh Amendment.  ECF 24-1 at 16-17.  Under the Eleventh Amendment to the Constitution, a state, its agencies, and its departments are immune from suit in federal court brought by its citizens or the citizens of another state, unless the state consents.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "[A] suit against a state official in his or her official capacity is … a suit against the official's office" and thus is the equivalent of "a suit against the State itself."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court for cases of this kind.

In addition to consent, there are two other exceptions to Eleventh Amendment immunity: (1) when it is abrogated by Congress; and (2) when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law." *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). The first exception, abrogation by Congress, does not apply here. Congress did not abrogate Eleventh Amendment immunity for § 1983 claims in federal court. *See Will*, 491 U.S. at 66. The second exception does not apply because plaintiff does not seek prospective injunctive relief.

Accordingly, plaintiff's claims against defendants in their official capacities are barred by the Eleventh Amendment and will be dismissed.

### B.  Personal Participation

Defendants Dean and Dike argue that plaintiff has failed to sufficiently plead personal conduct in regard to the alleged constitutional violations. ECF 12-1 at 6-8.

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).

Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). A claim for supervisory liability under § 1983 must be based on facts that, if proved, would establish: (1) the supervisor

had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

### 1.   Defendant Warden Dean

Plaintiff does not mention Warden Dean in his amended complaint, outside of naming him in the caption.  ECF 4.  Because plaintiff does not allege that Dean personally participated in the alleged constitutional violation, or that he is subject to supervisory liability, plaintiff's suit against Dean must be dismissed for failure to state a claim.

### 2.   Defendant Nnamdi Dike

Plaintiff alleges that the guilty finding on his rule violation for having allegedly spit on Officer Dike was based on lies.  Liberally construed, plaintiff alleges violations of his Fourteenth Amendment due process rights.

Defendants are correct that plaintiff does not specifically allege that Dike lied about the spitting incident.  ECF 12-1 at 8-9.  But, plaintiff does allege that the reports and disciplinary actions were based on lies.  When that assertion is logically and liberally construed, it would arguably include false statements.  By extension, plaintiff claims that Dike personally participated in making a false disciplinary report.

However, the Fourth Circuit has held that generally "a false disciplinary charge cannot serve as the basis for a constitutional claim."  *Cole v. Holloway*, 631 F.App'x 185, 186 (4th Cir. 2016) (noting that there may be exceptions where the action is retaliatory or arbitrary) (citing

*Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).  Here, plaintiff does not allege, nor is there any indication of, retaliatory or arbitrary motives.  *See Holloway*, 631 F. App'x at 186 (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (concluding that a disciplinary charge may be actionable under § 1983 if retaliatory); *Suprenant v. Rivas*, 424 F.3d 5, 13-14 (1st Cir. 2005) (concluding, in case of pretrial detainee, that unprincipled manipulation of legitimate prison regulations, to the detriment of a prisoner, can constitute unconstitutionally arbitrary punishment).

Therefore, plaintiff's conclusory and vague implication that Dike made false statements regarding the alleged spitting incident are not enough to support his claim that Dike violated plaintiff's due process rights.  Furthermore, plaintiff does not allege that that Dike personally participated at the hearing in any way or otherwise affected the outcome of the hearing.  Therefore, Brown fails to allege that Dike violated his due process rights.  Accordingly, the suit against Dike must be dismissed.

### C.    JCI

Section 1983 of 42 U.S.C. states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured …."  (Emphasis supplied).

A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983.  *See, e.g.*, *Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to

suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and JCI is not a person within the meaning of the statute. Therefore, plaintiff's claims against it must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002).

## IV.    Conclusion

For the reasons stated above, I shall grant defendants' Motion (ECF 12) and dismiss the suit.[4]

A separate Order follows.

July 26, 2023                                                        /s/
Date                                                       Ellen L. Hollander
                                                           United States District Judge

---

[4] Because the suit is dismissed on other grounds, the court need not address defendants' defenses of failure to exhaust administrative remedies and qualified immunity.